# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FREDERICK J. WOOTEN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 12-1243-KHV |
| ) | |
| SEDGWICK COUNTY BOARD OF ) | |
| COUNTY COMMISSIONERS, et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, pro se, asserts Title VII claims against the Sedgwick County Board of County Commissioners and Sedgwick County Sheriff Jeff Easter. Plaintiff alleges that defendants terminated him because of race and sex and in retaliation for complaints of discrimination. This matter comes before the Court on the Motion of Defendants Jeff Easter And Board Of County Commissioners Of Sedgwick County For Summary Judgment (Doc. #51) filed July 3, 2013 and on the Motion For Summary Judgment For Plaintiff (Doc. #53) filed July 23, 2013. For the following reasons the Court strikes both motions.

### Local Rules

Here, the parties have failed on many fronts to comply with the local rule which governs the summary judgment process. See D Kan. R. 56.1.

#### Defendants' Briefs

First, defendants' memorandum in support of their motion for summary judgment does not consistently set forth specific references to the record to identify evidence to which plaintiff can respond. The local rules provide as follows:

The memorandum or brief in support of a motion for summary judgment must begin

with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and must refer *with particularity* to those portions of the record upon which movant relies.

D. Kan. R. 56.1(a). Although defendants cite one or more exhibits in support of each numbered fact statement, they do not specify the page or pages which support the fact statements. Further, defendants' cursory five page statement of facts does not begin to support defendants' twenty pages of argument in support of their motion for summary judgment.

Next, in response to plaintiff's motion for summary judgment, defendants state as follows:

Defendants respectfully suggest that all of the issues presented in plaintiff's Motion are essentially addressed in defendants' own Summary Judgment Motion. As such, defendants request leave to incorporate by reference all statement[s] of fact, argument and authorities referenced in their Memorandum in Support Of Summary Judgment (Doc. #52) and Reply Memorandum In Support of Summary Judgment (Doc. #56).

<u>Defendants' Response In Opposition To Plaintiff's Motion For Summary Judgment</u> (Doc. #57) filed August 12, 2013 at 1. Defendants' opposition brief thus does not set forth the specific paragraphs in plaintiff's memorandum that they dispute and does not specifically contradict plaintiff's factual assertions with reference to those portions of the record on which they rely. <u>See</u> D. Kan. R 56.1.[1]

---

[1] D. Kan. Rule 56.1(b) provides as follows:

(b) Opposing Memorandum.
    (1) A memorandum in opposition to a motion for summary judgment must begin with a section containing a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered by paragraph, refer with particularity to those portions of the record upon which the opposing party relies, and, if applicable, state the number of movant's fact that is disputed.
    (2) If the party opposing summary judgment relies on any facts not contained in movant's memorandum, that party must set forth each additional fact in a separately numbered paragraph,

(continued...)

Plaintiff's Briefs

Although plaintiff pro se has made an attempt to follow the local rules, he has also failed to do so. Although he cites the record in support of some facts, many of his fact statements are arguments or appear to be based on his personal knowledge. Local rules provide as follows:

> [a]ll facts on which a motion or opposition is based must be presented by affidavit, declaration under penalty of perjury, and/or relevant portions of pleadings, depositions, answers to interrogatories, and responses to requests for admissions. Affidavits or declarations must be made on personal knowledge and by a person competent to testify to the facts stated which shall be admissible in evidence. Where facts referred to in an affidavit or declaration are contained in another document, such as a deposition, interrogatory answer, or admission, a copy of the relevant excerpt from the document must be attached.

D. Kan. Rule 56.1 (d). The Court recognizes that pro se litigants should not succumb to summary judgment merely because they fail to comply with the technical requirements involved in defending such a motion. See Woods v. Roberts, No. 94–3159, 1995 WL 65457, at *2 (10th Cir. Feb.17, 1995); Hass v. U.S. Air Force, 848 F.Supp. 926, 929 (D. Kan. 1994). In the ordinary case, therefore, the Court would search the record to determine whether genuine issues of material fact preclude the entry of summary judgment for either party. Here, however, because both parties have failed to

---

[1](...continued)
supported by references to the record, in the manner required by subsection (a), above. All material facts set forth in this statement of the non-moving party will be deemed admitted for the purpose of summary judgment unless specifically controverted by the reply of the moving party.

(c) Reply Memorandum. In a reply brief, the moving party must respond to the non-moving party's statement of additional material facts in the manner prescribed in subsection (b)(1).

D. Kan. Rule 56.1.

follow the local rules which govern the summary judgment process, ruling on the motions for summary judgment would not be an efficient use of judicial resources. See D. Kan. Rule 56.1.

**IT IS THEREFORE ORDERED** that the Court **STRIKES** the Motion of Defendants Jeff Easter And Board Of County Commissioners Of Sedgwick County For Summary Judgment (Doc. #51) filed July 3, 2013 and the Motion For Summary Judgment For Plaintiff (Doc. #53), filed July 23, 2013, together with all briefs and exhibits filed in support of the motions for summary judgment. Given the upcoming trial setting, the schedule does not permit further summary judgment proceedings. The Court cannot envision a scenario in which the parties could demonstrate good cause for their failure to comply with the local rules regarding the summary judgment process. Accordingly, the Court declines to postpone the trial to permit further summary judgment proceedings.[2]

Dated this 15th day of November, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2] The Court expects that its current trial will conclude by December 9, 2013, and, if it does not, that another district judge may be available to conduct the trial on or soon after December 9, 2013. If the parties wish for more certainty with regard to trial dates, they should consider consenting to trial before a magistrate judge of their choosing.